IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JOHNNY FRANK ASBERRY, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| VS. | : | |
| | : | NO. 5:15-CV-00179-CAR-MSH |
| **WASHINGTON COUNTY LAW ENFORCEMENT CENTER,** *et al.*, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Johnny Frank Asberry, Jr. filed a complaint under 42 U.S.C. § 1983 alleging that unspecified individuals had denied him access to the prison's law library and retaliated against him. Plaintiff failed to allege that he suffered any harm as the result of any denial of access to the library and also failed to identify specific named Defendants who either denied him access or retaliated against him. Instead of dismissing Plaintiff's Complaint for failure to state a claim upon which relief could be granted, the United States Magistrate Judge gave Plaintiff an opportunity to amend his pleading so that he could attempt to state a claim. (Order, Oct. 23, 2015, ECF No. 10.) Plaintiff was given twenty-one (21) days to respond to the Court's order. In a previous Order, the Court also directed Plaintiff to notify the Court of any change of address. (Order 3, June 15, 2015, ECF No. 6.)

When Plaintiff failed to comply within twenty-one days, and the Court's order to supplement was returned as undeliverable even though Plaintiff had never advised the

Court of any address change as directed. Accordingly, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders. Plaintiff's response was due within twenty-one (21) days of the date of the Order, and Plaintiff was advised that failure to respond would result in dismissal of his pleading. (Order 1-2, Dec. 1, 2015, ECF No. 12.)

The time for compliance has again passed without a response from Plaintiff, and the Court's order to show cause was also returned as undeliverable. A district court may dismiss an action *sua sponte* for failure to prosecute or failure to obey a court order. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam). Thus, because of Plaintiff's failure to comply with the Court's instructions and orders and failure to otherwise diligently prosecute this action, his complaint shall be **DISMISSED**. *See* Fed. R. Civ. P. 41. This dismissal is without prejudice.

**SO ORDERED**, this 20th day of January, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE